Case 1:17-cv-00797-ENV-ST Document 19 Filed 07/26/17 Page 1 of 7 PageID #: 30

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
AUG 10 2017
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CHARLES WARREN,

                            Plaintiff,

       -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION,
CORRECTION OFFICER FNU BRUNNER, *Shield*
#8519, CORRECTION OFFICER JOHN DOE 1,
CORRECTION OFFICER JOHN DOE 2, and
CORRECTION OFFICER JOHN DOE 3,

                            Defendants.

---------------------------------------------------------------- x

MEMORANDUM AND ORDER

17-cv-797 (ENV)(ST)

VITALIANO, D.J.

    Plaintiff Charles Warren filed this action against the City of New York ("the City"), the New York City Department of Correction, Correction Officers John Doe 1-3, and Correction Officer FNU Brunner. The crux of his complaint is that defendants failed to protect him from being assaulted while he was incarcerated at Riker's Island. Warren's amended complaint raises only three claims, all sounding in negligence, under New York law. For the reasons that follow, the Court *sua sponte* dismisses plaintiff's amended complaint, without prejudice, for want of subject matter jurisdiction.

### Background

    On February 13, 2017, Warren, acting through counsel, filed a complaint in this Court, which asserted claims against defendants for their purported failure to protect him from being assaulted by Courtney Clark. (Compl., ECF No. 1). The assault was alleged to have occurred on



1

Christmas Day 2015 while Warren and Clark were both incarcerated at Riker's Island. (*Id.*). The complaint pleaded federal question jurisdiction, under 28 U.S.C. § 1331. (*Id.* at ¶ 1). Three of Warren's four claims were styled as seeking relief for violations of his constitutional rights. (*Id.* at ¶¶ 37, 40-41, 44).

On May 8, 2017, defendants filed a motion for a pre-motion conference preliminary to moving to dismiss Warren's claims on the ground that, in July 2016, in the course of settling two unrelated lawsuits against the City, he had released the City (and its employees and agencies, which would include all defendants in this case) from liability for all civil rights and related state law claims accruing before July 2016. (Defs.' Mot., ECF No. 10). Plaintiff filed an opposition, arguing that a pre-motion conference was unnecessary because the four claims interposed in this case were actually only state law negligence claims, rather than federal civil rights claims. (Pl's Opposition, ECF No. 12). Though persisting in his opposition to dismissal here, Warren proposed that, as long as defendants "agree[d] to waive the affirmative defenses of jurisdiction, statute of limitations, [and] service of process" to an action in Bronx County Supreme Court, he would not oppose "remand" to Supreme Court. (*Id.* at 2-3).

Confronted by Warren's representation that his claims arose only under state law, the Court issued an order for him to show cause why the case should not be dismissed without prejudice for want of subject matter jurisdiction. (May 19, 2017, Order to Show Cause). Warren's response reaffirmed that his "action belongs in Bronx County Supreme Court" and should be remanded to state court. (Pl's Response, ECF No. 13). Yet, without advancing any legal arguments as to why subject matter jurisdiction existed, Warren also repeated his opposition to dismissal of the case, simply echoing his concern that his purportedly timely filed action would become untimely if he were required to start over. (*Id.*). Defendants opposed

2

remand and urged that the case be dismissed based on Warren's admission that no federal claims were interposed. (Defs.' Reply, ECF No. 14).

Presented with a conflict between the face of Warren's complaint, which clearly purports to raise claims under the Constitution, *see* (Compl. ¶¶ 37, 40-41, 44), and plaintiff's repeated assertions that his complaint was intended to raise only state law claims, *see* (Pl.'s Opposition; Pl's Response), the Court directed Warren to file an amended complaint, *see* (June 12, 2017, Docket Order). On June 26, 2017, Warren filed his amended complaint, raising only three negligence causes of action against defendants and asserting that the Court has pendant subject matter jurisdiction over these New York law claims. (Am. Compl. ¶¶ 1, 37-44, ECF No. 17). The amended complaint also represents that Warren is a citizen of New York. (*Id.* at ¶ 4).

## Standard of Review

The burden of establishing federal subject matter jurisdiction rests on the shoulders of the party invoking it, and jurisdiction must be proven by a preponderance of the evidence. *See Augienello v. F.D.I.C.*, 310 F. Supp. 2d 582, 587-88 (S.D.N.Y. 2004). When conducting a subject matter jurisdiction analysis, a "court may resolve disputed factual issues by reference to evidence outside the pleadings." *Id.* at 588. Moreover, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." *Id.* (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)).

## Discussion

Federal courts, unlike their state brethren, are courts of limited jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power."

3

*Tait v. Powell*, No. 16-cv-06377 (ENV) (RER), --- F. Supp. 3d ----, 2017 WL 946300, at *2 (E.D.N.Y. Mar. 10, 2017) (quoting *Atanasio v. O'Neill*, No. 16-CV-2269 (ENV) (RLM), --- F. Supp. 3d ----, 2017 WL 384085, at *1 (E.D.N.Y. Jan. 27, 2017)); Charles Alan Wright et al., 13 Federal Practice & Procedure § 3522 (3d ed. 2008). Consequently, given their limited role in the judicial system established by our Constitution, federal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case—even *sua sponte*—when they find subject matter jurisdiction lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797 (2006) ("Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases; . . . [it] must be considered by the court on its own motion, even if no party raises an objection."); *Durant*, 565 F.3d at 62 (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 43, 53 L. Ed. 126 (1908)).

Warren, essentially, contends that his amended complaint is within the Court's subject matter jurisdiction because of its pendant jurisdiction. (Am. Compl. ¶1). Pendant (or supplemental) jurisdiction, under 28 U.S.C. § 1367, is not, however, a freestanding font of original subject matter jurisdiction. "Supplemental jurisdiction as to some claims exists only when the court is empowered to exercise original jurisdiction over other claims presented in the same suit." *State St. House, Inc. v. N.Y. State Urban Dev. Corp.*, 76 F. App'x 807, 810-11 (2d Cir. 2003) ("Here, none of plaintiffs' claims properly invokes the district court's original jurisdiction, and therefore supplemental jurisdiction does not lie."); *see also* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the

4

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Lionshead 110 Dev. v. The Ins. Corp. of N.Y.*, No. 09 Civ. 2279 (GBD), 2010 WL 743277, at *1 (S.D.N.Y. Feb. 24, 2010) (concluding that there was no basis to exercise supplemental jurisdiction where there was "no federal claim alleged in the complaint over which th[e] Court ha[d] original jurisdiction").

A basis for original subject matter jurisdiction is absent from the allegations in the amended complaint, an absence that is only reinforced by plaintiff's motion papers. First, federal question jurisdiction is unavailable here because the face of Warren's amended complaint raises only New York law negligence claims. *See* (Am. Compl. ¶¶ 37-44); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Diversity jurisdiction, under 28 U.S.C. § 1332, is also lacking because both Warren and the City are citizens of New York. *See* (Am. Compl. ¶¶ 1, 5); *Atanasio*, 2017 WL 384085, at *2 (noting that "a case qualifies for diversity jurisdiction under § 1332(a) only when there is complete diversity between the parties, i.e., only when no plaintiff is a citizen of the same state as any defendant"); *Walls v. City of New York*, 156 F. Supp. 3, 5 (E.D.N.Y. 1957) ("A municipal subdivision of a state, such as a county, city, town or school district, having a separate corporate entity, is a citizen of that state for purposes of determining diversity of citizenship.").[1]

---

[1] Warren's purported invocation of federal question jurisdiction in the guise of constitutional claims in his original complaint has been undermined by the amended complaint, which makes clear Warren's intent never to file a federal claim. But, even had those federal claims been interposed, once they were withdrawn, the Court would have declined the invitation to exercise supplemental jurisdiction over any state law claims that might have been asserted in

Nor is Warren's desired remedy, remand to Bronx Supreme Court, available. (Pl.'s Opposition; Pl's Response). The Court has no power to grant such relief. When a federal court determines that it lacks subject matter jurisdiction over a case that was originally filed in state court and was removed to federal court, that case can certainly be "remanded from whence it came." *Atanasio*, 2017 WL 384085, at *1 (citing 28 U.S.C. § 1447(c)). Any attempt to apply this rule to an action that actually began in federal court, however, would be nonsensical because "remand" in the jurisprudential sense carries the meaning of sending something *back* to a place that it formerly occupied. *See Remand*, Black's Law Dictionary (10th ed. 2014) ("To send (a case or claim) back to the court or tribunal from which it came for some further action.").

More importantly, a federal district court is without power to "remand" a case to a court where the case has never been. *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) (concluding that a district court "may not remand a case that was never removed from state court"); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) ("Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites."); *E. Sav. Bank, FSB v. Estate of Kirk ex rel. Kirk*, 821 F. Supp. 2d 543, 545 (E.D.N.Y. 2011) (concluding that "federal district courts do not have the authority to remand an action originally commenced in federal court to a state tribunal" (alterations omitted) (quoting *Schiffman v. Epstein*, No. 92 CIV. 6618 (CES), 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009))). To be sure, the prospect of a federal court imposing, without explicit legal authority,

---

Warren's original complaint. *See* 28 U.S.C. § 1367(c)(2)-(3).

6

one of its cases on a state court raises serious federalism concerns.

All of these problems and concerns are, of course, of Warren's own making. He was, and is, "the master of the complaint," *Caterpillar Inc.*, 482 U.S. at 398-99, and the state law claims that he now presents could have been filed in state court. The only remedy available to the Court is to dismiss the amended complaint without prejudice to its refiling in a state court of appropriate jurisdiction. It will be up to Warren to argue there that, under state pleading rules, his amended claims state plausible causes of action. As to that, the Court expresses no opinion.

## Conclusion

For the foregoing reasons, plaintiff's amended complaint is dismissed without prejudice to its refiling in a state court of appropriate jurisdiction.

Although Warren filed his original and amended complaints through counsel, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
July 26, 2017

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge

7